UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMESETTA BERNOUDY, | Case No. 2:15-01286-MMD-PAL |
| Plaintiff, | **SCREENING ORDER** |
| v. | (Am. Compl. – Dkt. #5) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Jamesetta Bernoudy submitted an Amended Complaint (Dkt. #5) in accordance with the Court's Order (Dkt. #2) dismissing the original complaint with leave to amend. This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 and 1-9 of the Local Rules of Practice.

I.  **RE-SCREENING THE AMENDED COMPLAINT**

After granting a request to proceed *in forma pauperis*, a federal court must additionally screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) "applies to all *in forma pauperis* complaints"). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies to all civil actions, with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). For purposes of 28 U.S.C. § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint "must contain sufficient allegations of underlying facts to give fair notice and to

enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether a plaintiff states a valid claim, the court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Ms. Bernoudy's Amended Complaint challenges a decision by the Social Security Administration ("SSA") denying her disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. *See* Am. Compl. (Dkt. #5) ¶ 3. To state a valid benefits claim, a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Starr*, 652 F.3d at 1216. To do so, a complaint should state when and how a plaintiff exhausted her administrative remedies with the SSA and the nature of her disability, including when she claims she became disabled. The complaint should also contain a short and concise statement identifying the nature of the plaintiff's disagreement with the SSA's determination and show that the plaintiff is entitled to relief. Although this showing need not be made in great detail, it must be presented in sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2015).

/ / /

### A. Exhaustion of Administrative Remedies

Before Ms. Bernoudy can sue the SSA in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404, 416.

Ms. Bernoudy alleges that the ALJ initially issued a decision denying her claim for benefits on December 19, 2011. *See* Am. Compl. ¶ 6. She filed a request for review of the ALJ's decision with the Appeals Council on February 15, 2012. *Id*. The Appeals Council granted the request for review and remanded the case back to the ALJ. *Id*. ¶ 7. Thereafter, Ms. Bernoudy participated in a remand hearing before an ALJ. *Id*. ¶ 8. On January 8, 2014, the ALJ issued a second decision denying her claim for benefits. *Id*. Ms. Bernoudy subsequently filed a request for review of the ALJ's second decision with the Appeals Council. *Id*. ¶ 9. On May 15, 2015, the Appeals Council denied her request for review, and the ALJ's decision became the final decision of the Commissioner. *Id*. Thus, Ms. Bernoudy has exhausted her administrative remedies.

Once a plaintiff has exhausted her administrative remedies, she can obtain judicial review of an SSA decision denying benefits by commencing a civil action within 60 days after notice of a final decision. *See* 20 C.F.R. §§ 404, 416. An action for judicial review must be brought in a District Court of the United States for the judicial district in which the plaintiff resides. *Id.* Here, Ms. Bernoudy timely commenced this action as the original Complaint was filed on July 8, 2015. Both the Complaint and Amended Complaint also indicate that she resides within the

///

District of Nevada. Accordingly, Ms. Bernoudy has satisfied these two prerequisites for judicial review.

### B.     Grounds for Ms. Bernoudy's Appeal and the Nature of her Disability

Ms. Bernoudy's Amended Complaint seeks judicial review of the Commissioner's decision denying benefits and asks the Court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In her Amended Complaint, Ms. Bernoudy states that the ALJ found her to have the severe impairments of asthma and depression. Am. Compl. (Dkt. #5) ¶ 13(a). Despite her severe impairments, the ALJ found Ms. Bernoudy to retain the residual functional capacity to perform:

> less than the full range of light work specifically is limited to lifting-carrying 20 pounds occasionally and 10 pounds frequently; she could sit for six hours/eight hour workday; stand and/or walk for six hours/eight hour workday; needs to avoid smoke, dust and fumes; and she is limited to jobs with one to two step instructions.

*Id*. ¶ 13(b). Although the ALJ determined that Ms. Bernoudy could perform other work in light of the residual functional capacity, she alleges that her severe mental health impairments preclude her from performing any work. *Id*. ¶ 13(d). In addition, Ms. Bernoudy contends that the ALJ "failed to reject the opinion of two consultative examining physicians with specific and legitimate reasons supported by substantial evidence in the record." *Id*. Ms. Bernoudy also alleges that the ALJ failed to meet his burden of proof under step five of the SSA's sequential disability analysis because "the assessed residual functional capacity is in conflict with the Dictionary of Occupational Titles (DOT)." *Id*. ¶ 13(e). Lastly, Ms. Bernoudy alleges that new evidence exists that warrants a remand of this matter for further proceedings. *Id*. ¶ 13(h).

The Amended Complaint contains sufficient allegations of underlying facts to give the Defendant fair notice of Ms. Bernoudy's disagreement with the SSA's final determination. Accordingly, the Court finds that her Amended Complaint states a claim for initial screening purposes under 28 U.S.C. § 1915.

Based on the foregoing,

**IT IS ORDERED**:

1. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Amended Complaint to the U.S. Marshal for service.

2. The Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Amended Complaint by certified mail to: (1) Office of Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

3. Following the filing of an answer, the Court will issue a scheduling order setting a briefing schedule.

4. From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for the court's consideration. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the Defendant or counsel for the Defendant. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk of the Court, and

/ / /

/ / /

/ / /

/ / /

any paper received by a district judge, magistrate judge or the Clerk that fails to include a certificate of service.

Dated this 7th day of December, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE