UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMESETTA BERNOUDY,<br><br>                       Plaintiff,<br>    v.<br>CAROLYN W. COLVIN,<br><br>                       Defendant. | Case No. 2:15-cv-01286-MMD-PAL<br><br>ORDER<br><br>(Pltf.'s Motion for Attorney Fees – ECF No. 24) |

**I.    SUMMARY**

Before the Court is Plaintiff Jamesetta Bernoudy's Motion for Attorney Fees ("Motion"). (ECF No. 24.) Defendant[1] filed a response (ECF No. 25), and Plaintiff filed a reply (ECF No. 26).

For the reasons discussed herein, the Motion is denied.

**II.    RELEVANT BACKGROUND**

This is an appeal of a 2014 decision of a Social Security Administration ("SSA") Administrative Law Judge ("ALJ"). The following facts are taken from Plaintiff's Motion for Remand (ECF No. 16) unless otherwise indicated.

On May 10, 2010, Plaintiff filed an application for social security income ("SSI"), alleging that she had a disability that began on July 2, 2006. On an initial determination issued September 13, 2010, the SSA Commissioner denied Plaintiff's application. On

---

[1]Colvin is no longer the acting commissioner of the Social Security Agency, but neither party filed a motion to substitute the current acting commissioner, Nancy A. Berryhill, for Colvin.

October 14, 2010, Plaintiff requested reconsideration of the Commissioner's decision. On, on December 15, 2010, the Commissioner denied reconsideration. Plaintiff requested a de novo hearing before an ALJ on January 28, 2011. The ALJ conducted a hearing on December 8, 2011. The ALJ issued an unfavorable decision on December 19, 2011. The SSA Appeals Council granted Plaintiff's request for review and remanded to the ALJ on July 23, 2013. The same ALJ conducted the hearing on remand on October 8, 2013. Once again, on January 8, 2014, the ALJ published an unfavorable decision ("2014 ALJ Decision"). On February 3, 2014, Plaintiff requested a review of the 2014 ALJ Decision with the SSA Appeals Council. The Appeals Council denied the request on May 15, 2015, making this the date upon which "the decision by the ALJ became the final decision of the Commissioner." (ECF No. 16 at 4 (citing to 42 U.S.C. § 405(h)).)

Plaintiff initiated this action on July 8, 2015, proceeding in *forma pauperi*s but not pro se. (ECF No. 1.) The Complaint was filed on October 14, 2015 (ECF No. 3), and the First Amended Complaint ("FAC") was filed on November 9, 2015 (ECF No. 5.) Plaintiff moved to remand the case, but the parties subsequently reached a stipulation to remand the case "for further administrative action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), sentence four." (ECF No. 22 at 2.) Judgment was entered in favor of Plaintiff on May 6, 2016. (ECF No. 23.)

### III.  DISCUSSION

Plaintiff seeks attorney fees in the amount of $4,722.06 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), arguing that the Commissioner was not substantially justified in its position taken both in the underlying administrative proceeding and in this Court. (ECF No. 24 at 6-7.) The Commissioner responds that the position taken during the underlying administrative proceeding was appropriate in light of a lack of controlling case law and that, once the Commissioner became aware that intervening case law, specifically *Rounds v. Commissioner of Social Security Administration*, 807 F.3d 996 (9th Cir. 2015), controlled the issues in this appeal, the Commissioner stipulated
///

2

to remand. (ECF No. 25 at 7.) The Court agrees with the Commissioner and finds that fees are not warranted.

### A. Legal Framework

The EAJA provides:

> Except as otherwise specifically provided by statute, *a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded* . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust*.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

As to the prevailing party precondition to attorney fees under the EAJA, the Ninth Circuit has held that "litigants who achieve relief other than a judgment on the merits or a consent decree are prevailing parties." *Carbonell v. INS*, 429 F.3d 894, 899 (9th Cir. 2005). Similarly, the Supreme Court has held that a prevailing party in a federal court action is one that achieves a "material alteration of the legal relationship of the parties" and where that alteration is sanctioned by the Court. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001).

As to the exception for substantial justification, "position of the United States" includes both the position taken by the United States in the course of civil litigation as well as the position taken by the agency in the underlying action upon which the litigation is based. 28 U.S.C. § 2412(d)(2)(D). The Ninth Circuit has stated that "[s]ection 2412(d)(1)(A) provides no indication that attorney's fees should be awarded with respect to positions of the United States challenged by the claimant but unaddressed by the reviewing court." *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010).

While the Commissioner admits that Plaintiff was the prevailing party in the action before this Court, the Commissioner contends its action was substantially justified in the both the underlying agency decision and in litigation. (ECF No. 25 at 2-3.)

### B. Substantial Justification in the Underlying Agency Action

///

As noted previously, this case was reversed and remanded by stipulation of the parties for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).[2] Specifically, the stipulation stated that:

> Upon remand from the Court, the Appeals Council will remand the case to an [ALJ] for a new hearing and new decision. The ALJ will give Plaintiff an opportunity for a hearing, and, if the ALJ obtains testimony from a vocational expert, the ALJ will ascertain whether such testimony is consistent with the *Dictionary of Occupational Titles* ["DOT"] and will obtain an explanation of any inconsistency, and otherwise evaluate Plaintiff's claim in accordance with the Social Security Act and the Commissioner's regulations.

(ECF No. 20 at 1-2.) From this and the Commissioner's opposition to Plaintiff's Motion, the Court is able to draw the reasonable inference that the case was remanded in light of the holding in *Rounds* in which the Ninth Circuit held that an ALJ is required to resolve an apparent conflict between the ALJ's finding at step five[3] that a claimant has a residual functional capacity ("RFC") limiting her to one- and two-step tasks and the ALJ's acceptance of the vocational expert's ("VE") testimony that the claimant is limited to performing occupations requiring a GED Reasoning Level of 2. *Rounds*, 807 F.3d at 1003.

Like the claimant in *Rounds*, in the underlying agency action here the ALJ found that Plaintiff had an RFC limiting her to one- or two-step tasks but then, in relying upon the testimony of the VE, determined that Plaintiff could perform the work of a swatch clerk, DOT 222.587-0.50, and route aid, DOT 239.687-010. AR[4] 30, 36. Both jobs of swatch clerk and route aide require a GED Reasoning Level of 2, which requires that a claimant

---

[2]Plaintiff asserts that the stipulation for voluntary remand was entered "after [she] fully briefed the matter to the District Court." (ECF No. 24 at 7.) This is incorrect. Plaintiff had only filed a motion to remand (ECF No. 16) but that motion had not been fully briefed by the parties. Moreover, that motion raised a litany of issues beyond the *Rounds* issue.

[3]At step five, "the Commissioner has the burden to identify specific jobs existing in substantial numbers in the national economy that a claimant can perform despite his identified limitations." *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (internal quotation marks and alterations omitted).

[4]"AR" refers to the administrative record from the underlying agency proceeding, which the Commissioner filed electronically with the Court. (ECF No. 15-1.)

"[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." *Rounds*, 807 F.3d at 1002-03 (citing to the Dictionary of Occupational Titles, Appendix C, Sec. III (4th ed. 1991)). By contrast, a GED Reasoning Level of 1 requires only that a claimant "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and "[d]eal with standardized situations with occasional or no variable in or from these situations encountered on the job." *Id.* at 1002. Remand was therefore appropriate here in light of the Ninth Circuit's finding that the particular RFC and a Reasoning Level of 2 conflict, and its prior holding that where expert testimony finds a claimant can perform an occupation involving DOT requirements that conflict with what the claimant can actually handle under her designated RFC, "the ALJ is required to reconcile the inconsistency." *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015).

*Rounds* was decided after the 2014 ALJ Decision. Plaintiff herself points out that "[a]t the time of the ALJ's decision on January 8, 2014, no controlling law existed as to whether a claimant limited to one to two step instructions could perform occupations requiring a Reasoning level 2 or 3 via [the DOT]." (ECF No. 26 at 3.) The Commissioner likewise points out that at the time of the 2014 ALJ Decision some district courts had found no apparent conflict between a limitation to one- to two-step tasks and a Reasoning Level of 2 (ECF No. 25 at 3-4). The Ninth Circuit "has long applied a test of reasonableness in determining whether the government's position was substantially justified," *Kali v. Bowen*, 853 F.2d 329, 331 (9th Cir. 1988), meaning that "the government's position must have a reasonable basis both in law and fact," *Meier v. Colvin*, 727 F.3d 857, 869 (9th Cir. 2013) (internal quotation marks omitted). Here, at the time of the ALJ's 2014 Decision, it was not clearly unreasonable or contrary to controlling precedent to find that an RFC limiting Plaintiff to one- or two-step tasks was inconsistent with a Reasoning Level of 2.

///

Moreover, in an unpublished decision with facts akin to those here, the Ninth Circuit found that prior to *Rounds* "there was a reasonable basis in law and fact to support the ALJ's decision not to recognize an apparent conflict between the VE's testimony regarding what jobs a claimant with [the plaintiff's] RFC could perform and the DOT." *Allen-Howard v. Comm'r of Soc. Sec.*, 615 F. App'x 402, 403 (9th Cir. 2015). There, the court noted that prior to *Rounds*, the district courts of the Ninth Circuit had split on the question of whether an RFC of one- to two- step tasks was in apparent conflict with a Reasoning Level of 2, as there was no controlling authority to guide ALJs. *Id.* The court went on to find that "[i]f there were not an apparent conflict, the ALJ [would have been] entitled to rely on the testimony of the [VE] regarding the jobs [the plaintiff] could perform in the national economy." *Id.* (citing *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). The Court agrees with this reasoning and finds that the Commissioner's position was substantially justified in the underlying agency proceeding.

### C. Substantial Justification in Litigation

Plaintiff argues that the Commissioner was not substantially justified in her litigation position because the Commissioner entered into a stipulation for voluntary remand and the *Rounds* decision issued in August 2015[5] yet the Commissioner still answered the FAC on February 8, 2016. (ECF No. 24 at 7; ECF No. 26 at 4.) The Commissioner responds that stipulating to remand based on intervening case law is "eminently reasonable," the FAC did not put the Commissioner on notice of the *Rounds* issue, and once the Commissioner noticed the argument under *Rounds*—implicated in Plaintiff's motion to remand (*see* ECF No. 16 at 21-23)—the Commissioner "reviewed the ALJ's decision, the hearing transcript, and the relevant portions of the DOT, compared this evidence to the Ninth Circuit decision in *Rounds*, and sought authority to remand this

---

[5]The initial opinion in *Rounds*, 795 F.3d 1177 (9th Cir. 2015), issued on August 4, 2015, but the decision relied on in this order is the amended opinion, issued on December 7, 2015, which superseded the previous opinion after the Ninth Circuit denied the petition for rehearing en banc. No substantive amendments were otherwise made in the amended opinion.

6

case." (ECF No. 25 at 5-7.) The Court agrees with the Commissioner and finds that the FAC did not clearly put the Commissioner on notice that Plaintiff's basis for remand was the decision in *Rounds*.

Plaintiff contends that the Commissioner's litigation position is embodied by the answer she filed and more specifically in the Commissioner's answer to paragraph 13 of the FAC. In her answer to the FAC, the Commissioner denied paragraph 13, the latter of which states:

> 13. Pursuant to [*sic*] Social Security Act, [Plaintiff] files this action to seek judicial review of the Commissioner's decision and requests that this court reverse that decision, or in the alternative, to remand this matter for a new hearing on the following grounds:
> . . .
> (b) The ALJ assessed hat [Plaintiff] . . . is limited to jobs with one to two step instructions;
> . . .
> (e) . . . [T]he ALJ failed to sustain his burden of proof under step five of the disability sequential analysis in that the assessed [RFC] is in conflict with the Dictionary of Occupational Titles . . .

(ECF No. 5 at 3-4.) In response to paragraph 13, the Commissioner noted that the paragraph included legal conclusions and generally denied the paragraph's factual allegations, and in the "defenses" section of her answer the Commissioner stated that "[s]ubstantial evidence supports the Commissioner's findings and decision." (ECF No. 12 at 2.)

The Commissioner asserts that the allegation in subparagraph (e) is "illogical on its face" as "the error had nothing to do with a conflict between an RFC finding and the DOT." (ECF No. 25 at 6.) Plaintiff responds that a "[a] simple review of the administrative record establishes that the ALJ assessed Bernoudy's [RFC] with the limitation of one to two step instructions" and that the AR also shows that the "ALJ accepted testimony that [Plaintiff] can perform the occupations identified under step five of the disability sequential analysis of swatch clerk . . . and route aide," which "hit at the heart of [Plaintiff's allegations on paragraph 13(e)." (ECF No. 26 at 5-6.) While Plaintiff points out Nevada is a notice

///

///

pleading jurisdiction[6] (*see* ECF No. 26 at 5), the FAC fails to point out with any precision a conflict that would be implicated under *Rounds*. Here, as in *Rounds*, the conflict in the 2014 ALJ Decision is between the ALJ's acceptance of the occupational classifications the VE testified that Plaintiff can perform, both of which require a Reasoning Level of 2, and the ALJ's finding that Plaintiff can perform only one- to two-step tasks, which appear to necessarily fall under a Reasoning Level of 1. The statement found in subparagraph (e) of paragraph 13 in the FAC is unclear; while it points out that the ALJ failed to meet his burden of proof, a key issue in *Rounds*, it does not point out that the conflict is between the accepted testimony of the VE and the ALJ's RFC finding. Being "in conflict with the Dictionary of Occupational Titles" fails to pinpoint the precise basis for requesting remand, and the Court disagrees that the Commissioner ought to have scoured the AR to pinpoint the *Rounds* issue absent clear notice in the FAC. The Court therefore finds that the Commissioner's limited litigation position—filing an answer—was substantially justified, particularly in light of the Commissioner stipulating to a voluntary remand upon realizing that the issue in this case was based on the Ninth Circuit's decision in *Rounds*.

Moreover, as in *Hardistry v. Astrue*, here, Plaintiff argues that fees should be awarded for the agency position that she challenged—specifically, the position implicating *Rounds*—because the issue was "addressed" in the remand order. (ECF No. 24 at 6.) While the remand order itself implicitly acknowledged the *Rounds* issue, this Court did not actually address the issue and has found that the Commissioner's position in the underlying agency proceeding was justified at that time. *See* discussion *supra* Sec. III(B). "[I]n reviewing claims for attorneys' fees, [the Court's] basic point of reference is the American Rule." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 684 (1983) (internal quotation marks and alterations omitted). The American Rule provides that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser," *Alyeska*

---

[6]This case arises under federal law. Therefore, whether the state of Nevada is a notice pleading jurisdiction is irrelevant. Fed. R. Civ. P. 8 requires notice pleading albeit with the heightened pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

| | |
|---|---|
| 1 | *Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975), and this rule has |
| 2 | "dominated the American court system since its beginning." *Hardisty*, 592 F.3d at 1076 |
| 3 | (citing *Alyeska*, 421 U.S. at 271). While the EAJA creates an exception to the American |
| 4 | Rule, nothing in the statute extends fee-shifting—shifting the presumption against fees in |
| 5 | favor of fees—to issues not adjudicated in court. *Id.* at 1077. Specifically, the Ninth |
| 6 | Circuit has held that nothing in the EAJA provides an indication that attorney fees "should |
| 7 | be awarded with respect to positions of the United States challenged by the claimant but |
| 8 | unaddressed by the reviewing court," and has further held that "[i]n the absence of clear |
| 9 | statutory text authorizing fee-shifting, [the court] decline[s] to become a 'roving authority' |
| 10 | awarding attorneys' fees." *Id.* (quoting *Buckhannon*, 532 U.S. at 610). Thus, besides |
| 11 | finding that the Commissioner acted reasonably in stipulating to a voluntary remand once |
| 12 | Plaintiff's motion to remand alerted her to the *Rounds* issue, this Court finds that it is |
| 13 | inappropriate to award fees where this Court did not actually address the issue and where |
| 14 | the Commissioner failed to even respond to the motion to remand. |
| 15 | The Court therefore finds that the Commissioner was substantially justified in the |
| 16 | limited position it took in litigation and that attorney fees under the EAJA are unwarranted. |

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Plaintiff's Motion.

It is therefore ordered that Plaintiff's Motion for Attorney Fees (ECF No. 24) is denied.

DATED THIS 19th day of April 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

9